**STATE of Texas, Appellant,**

v.

**Alma PETKOVSEK et al., Appellees.**

No. 6359.

Court of Civil Appeals of Texas.

Beaumont.

April 13, 1961.

Rehearing Denied May 3, 1961.

W. G. Walley, Jack King, Beaumont, for appellant.

Houston Thompson, Silsbee, for appellees.

HIGHTOWER, Justice.

Initial proceedings to condemn a strip of land for highway purposes in the City of Beaumont were instituted by the State of Texas against Mrs. Alma Petkovsek as owner and Mrs. Mickline Branch as Lessee thereof. The strip comprised 1.5714 acres of land. Formalities of Art. 3264, V.A.C.S., having been complied with, the commissioners assessed the value of the strip at $32,000, and damages to the remaining property at $650. Of this total, $32,650, they awarded Mrs. Branch $3,000 as lessee. The State thereafter filed its objections to the award and appealed to the County Court of Jefferson County at Law. Pending the appeal it deposited $29,650 in the registry of the court, payable to the order of Mrs. Petkovsek, and $3,000 to the order of Mrs. Branch, each of whom thereafter withdrew their respective awards.

The appearance of all parties having been noted in the record, the cause thereafter proceeded to trial in which all parties stipulated that the only issue before the court was that of damages. In answer to the one special issue submitted, the jury found the overall value of said land with improvements thereon to be $35,000. Proof was not made of damage to the remaining land. Cognizant of the awards theretofore paid and received, the court thereupon entered its judgment investing title to the land in the State and decreeing payment by the State of $2,350 to Mrs. Petkovsek and Mrs. Branch jointly. The State has appealed to this court in dissatisfaction with the jury award. Cross points of error of appellee Petkovsek complaining of the inadequacy of the sum apportioned in the judgment between herself and Mrs. Branch are considered in the latter part of the opinion.

The appellant's two points of error urge that the verdict is not supported by any evidence and in the alternative that it is contrary to the overwhelming weight of the evidence. Under such points, briefed together, the appellant points to the fact that appellee Petkovsck called only one witness

(an expert) in her behalf testifying as to the value of the land taken and improvements thereon, which witness stated the same to be between $35,000 and $40,000; that two expert witnesses testified in appellant's behalf, one of whom placed the overall value at $24,700 and the other one at $25,200. It then compares the qualifications of appellee's witness and the basis upon which such witness rested his testimony, with the superior qualifications and basis on which its own witnesses rested their estimates. Appellant then contends that the overwhelming weight of the credible testimony conclusively establishes that the verdict of the jury is excessive by the sum of $9,800, that being the difference in excess of the highest value placed on the property by appellant's witnesses and the value found by the jury. In other words, under its two points of error the appellant complains only of the excessiveness of the jury's verdict and the judgment rendered thereon, and in such connection it prays only that a remittitur of $9,800 be required of the appellee in this court by reason of our authority under Rule 440, Texas Rules of Civil Procedure, authorizing such action.

■ In the circumstances this court is precluded by the rules relating to motions for new trials from affording the relief for which appellant prays. Rule 320, T.R.C.P., particularly prescribes that no ground not specified in a motion for new trial (where such motion is required) shall be considered on appeal. Also, see Rules 321, 374, T.R. C.P. We have carefully examined the appellant's motion for new trial and we find no assignment of error therein which raises the question in the trial court of the excessiveness of the jury's verdict. Such an assignment was a prerequisite to our consideration of the question. Collins v. Smith, 142 Tex. 36, 175 S.W.2d 407. The appellant having evidenced no desire that the judgment of the trial court be reversed and remanded by reason of its points of error, and we being precluded from ordering a remittitur in the circumstances, the appel-

lant's points must be overruled. We think it not improper to say, however, that we have nevertheless carefully weighed all the testimony and circumstances regarding the value of the land and are convinced that the value placed thereon by the jury is not contrary to the greater weight of the evidence so as to require a reversal of the trial court's judgment, or a remittitur of any portion thereof.

The essence of the argument under the cross points of error of appellee Petkovsek, is that in entering judgment on the verdict of the jury, the trial court should have disregarded the sum of $3,000 which was paid to Mrs. Branch as hereinbefore related, thus establishing the sum of $5,350 as the value of the Petkovsek property in excess of the $29,650 previously received by her. Asserting a dispute to exist between herself and Mrs. Branch regarding the validity of the lease, she then appears to contend that the court should have ordered said excess paid into the registry of the court pending the establishment of the appellees' rights thereto.

■■ Contrary to the assertions in the brief of appellee Petkovsek, the record in this appeal is devoid of any evidence concerning a dispute as to the validity of a lease existing between the appellees herein, either in the hearing before the special commissioners or the trial court. No objections were raised in the trial concerning the apportionment of the commissioners' award, and it is presumed in the circumstances that they applied the correct rule in assessing the value of the parties' separate interests; viz., the overall value of the land, inclusive of the value of the leasehold, as though both estates were in a single ownership. Reeves v. City of Dallas, Tex. Civ.App., 195 S.W.2d 575; City of San Antonio v. Sullivan, 23 Tex.Civ.App., 658, 57 S.W. 45. For ought that appears in the record, the parties appellee accepted their respective awards as having been validly ascertained by the commissioners, subject

only to their right to recover whatever sum in excess thereof they might prove themselves entitled on appeal. Thomas v. Housing Authority of City of Dallas, 153 Tex. 137, 264 S.W.2d 93. It having been stipulated on trial that the only issue existing was that of the value of the land taken, and that value having been determined by the verdict of the jury to be $35,000, the court properly deducted the full amount of $32,-650 which had been previously paid by the State and awarded the excess of $2,350 to the appellees. In doing so, contrary to the contentions of appellee Petkovsek, the action of the court did not amount to a determination of title between the appellees, there being no evidence in the record raising such issue, and no necessity for a determination of the same.

All points of error are overruled, and the judgment of the trial court is affirmed.

McNEILL, J., not sitting.