**Marguerite Emily SMITH,**
**Appellant,**

v.

**Herman Lee BROCK,**
**Appellee.**

**No. 8216.**

Court of Civil Appeals of Texas, Texarkana.

June 25, 1974.

Rehearing Denied Aug. 6, 1974.

---

2. Effective November 6, 1973.

Dale Edwards, Atchley, Russell, Waldrop & Hlavinka, Texarkana, for appellant.

Errol N. Friedman, Harkness, Friedman & Kusin, Texarkana, for appellee.

CORNELIUS, Justice.

While appellant was driving an automobile in the City of Texarkana she collided with appellee's automobile, which was unoccupied and parked at the curb in the front of his home. In the resulting suit for damages the jury awarded appellee compensation for the reduction in value of his automobile, together with $1804.50 as reimbursement for the expense of renting a substitute vehicle until his automobile was repaired.

In points of error Numbers 1, 2 and 3, the appellant contends that the reimbursement for rental expense was unauthorized and excessive because it included rental for a considerable period of time before appellee authorized the repair of his automobile. It is contended that appellee's reimbursement should have been limited to the period from the date he authorized the repairs to the date the repairs were completed. In counterpoints 1 and 2, the appellee challenges the sufficiency of appellant's points of error and the assignments of error upon which they are based, asserting that they are too general to preserve appellant's contentions on appeal.

The matter of reimbursement for rental expense was submitted to the jury by Special Issue No. 3, which reads as follows:

"Find from a preponderance of the evidence the reasonable cost of the use of a vehicle of the same class as that owned by Herman Lee Brock for the period of time reasonably required to repair the damage caused by the occurrence in question to the vehicle owned by Herman Lee Brock.

Answer in dollars and cents.

Answer: $1,804.50."

No objection to the issue or requested instruction by appellant with reference to the issue is found in the record.

Appellant's points of error Nos. 1, 2 and 3 are germane to assignments of error Nos. 1 and 2 of Appellant's Motion for New Trial. Those assignments were as follows:

"1. The verdict of the jury is contrary to the overwhelming weight and preponderance of the evidence.

2. The jury's answer to Special Issue No. 3 is contrary to the evidence."

Appellant filed an amended motion for new trial, but it was not timely, and it was therefore wholly ineffective.

Our Rules of Civil Procedure and the cases decided thereunder make it clear that appellant's assignments of error Nos. 1 and 2 are insufficient, and that appellee's counterpoints 1 and 2 must therefore be sustained. Rule 320 provides that a motion for new trial shall specify each ground on which it is founded, and that grounds not specified shall not be considered. Rule 321 prcvides that each ground of error in a motion for new trial shall refer to that part of the ruling of the court or other matters complained of, ". . . in such a way as that the point of the objection can be clearly identified and understood . . ." by the trial court. Rule 322 provides that grounds of objections couched in general terms ". . . as . . . the verdict of the jury is contrary to law, and the like . . ." *shall* not be considered by the court, and Rule 374 provides that a ground of error which is not distinctly set forth in the motion for new trial shall be considered as waived. Cases construing these rules have consistently held that assignments of error in language similar to that used by appellant in her assignments 1 and 2 are too general. Meyer v. Great American Indemnity Co., 279 S.W.2d 575 (Tex.Sup.1955); Collins v. Smith, 142 Tex. 36, 175 S.W.2d 407 (opin. apprvd. 1943); Bauguss v. Bauguss, 186 S.W.2d 384 (Tex.Civ.App. Dallas 1945, Ref'd, w. o. m.); State v. Petkovsek, 345 S.W.2d 807 (Tex.Civ.App. Beaumont 1961, no writ); Pearce v. Cross, 400 S.W.2d 622 (Tex.Civ. App. Fort Worth 1966, affirmed 414 S.W. 2d 457, Tex.Sup.1966); L. & A. Ry. Co. v. Robinson, 302 S.W.2d 665 (Tex.Civ.App. Texarkana 1957, ref'd, n. r. e., cert. denied, 355 U.S. 959, 78 Sup.Ct. 537, 2 L.Ed.2d 534); Texas Indemnity Ins. Co. v. Warner, 159 S.W.2d 173 (Tex.Civ.App. Texarkana 1942, ref'd, w. o. m.). In Collins v. Smith, supra, Bauguss v. Bauguss, supra and State v. Petkovsek, supra, such assignments were held insufficient to preserve the contention that *an excessive or otherwise unauthorized recovery was allowed by the jury's answers* to special issues.

■ Although Rule 1 of our Rules of Civil Procedure states that the rules are to be given a liberal interpretation, Rules 320, 321, 322 and 374 were deliberately adopted to serve a vital purpose. The requirements of particularity for assignments of error in a motion for new trial are not only for the benefit of the appellate court. They are primarily for the benefit of the trial court. They are designed to perform the important function of not merely laying a predicate for an appeal, but of presenting to the trial judge each ruling or error complained of in such a way that he can clearly identify and understand it, so that he may be able to review all of them with more deliberate consideration than is practicable during the trial, and will then have the first full and fair opportunity to correct the errors or grant a new trial if need be. Texas Indemnity Co. v. Warner, supra; Pearce v. Cross, supra. To merely tell the trial judge that the verdict or the answer to a special issue is "contrary to law" or is "contrary to the evidence," clearly does not perform this vital function. Collins v. Smith, supra; Texas Indemnity Ins. Co. v. Warner, supra. Appellant urges that her assignment of error No. 2 is adequate because it does not refer to the verdict generally, but refers to a specific special issue. Even so, the assignment only asserts that

the answer to such special issue is "contrary to the evidence." Assignments in similar language, even though referring to specific special issues, were held insufficient in Collins v. Smith, supra, and Bauguss v. Bauguss, supra.

While appellant's *points of error in her appellate brief* are adequate to enable this court to determine the errors complained of, the assignments of error on which they are based did not comply with the rules and did not afford the trial court that fair opportunity to consider and correct the errors, if any. It follows that the matters raised in appellant's points of error Nos. 1, 2, and 3, not having been preserved by proper assignments of error in her motion for new trial, cannot be considered on this appeal.

Appellant's points of error Nos. 4 and 5 complain of a statement of appellee's counsel in his jury summation wherein he told the jury that he inferred from the evidence that the appellant's insurance company was seeking "a license to browbeat the public," and urged the jury to "refuse them that license." Immediately before making these comments appellee's counsel reminded the jury that the insurance company had at first offered to work the matter out but did not do so, and that appellee was therefore required to put the matter in court to see that justice was done, and that the jury should be fair to him in their award and not penalize him for a wreck which was not his fault. Apparently it was revealed from the outset that insurance was involved in the case, and no complaint is made as to the injection of that fact. Complaint is made only because of the reference to a "license to browbeat the public." The trial court overruled appellant's objection to the comment and refused a requested instruction for the jury not to consider the remark for any purpose.

This action sought only to recover the loss in value, or alternatively, the cost of repairs to appellee's automobile, together with the expense of renting a substitute vehicle. There was no dispute as to the amount incurred by appellee in renting the substitute vehicle, and relatively little difference in the parties' estimates of the reasonable cost of repairs or the reduction in the value of appellee's automobile. The liability of the appellant was not disputed. The answers of the jury to the special issues on market vaue of the appellee's automobile before and after the collision, while differing from the appellant's contentions, were fully supported by the appellee's evidence. Under these circumstances, we cannot conclude that these remarks of appellee's counsel, if error, were such as were calculated to and probably did result in the rendition of an improper verdict, as is required under Rule 434 for reversible error to be shown. Points 4 and 5 are therefore overruled.

The judgment of the trial court is affirmed.