The LIGHTING SUPPLY COMPANY, Appellant,

v.

Ed WATTS, d/b/a North American Industries, Inc., Appellee.

No. 5703.

Court of Civil Appeals of Texas, Waco.

June 16, 1977.

Rehearing Denied July 28, 1977.

J. Anthony Michael, III, Nickelson & Michael, Don L. Prager, Fort Worth, for appellant.

Kenneth W. Boyd, Rogers & Hammond, Cleburne, for appellee.

HALL, Justice.

Plaintiff Ed Watts d/b/a North American Industries, Inc., builds and sells houses. He brought this suit for actual and exemplary damages against The Lighting Supply Company and its vice-president, Marlin

648 ▪

Massengale, on the theory that on the day in question Massengale and other employees of Company, acting for Company, maliciously broke into three houses owned by plaintiff which were on the market for sale and wrongfully removed installed lighting fixtures and other merchandise which had been sold to plaintiff by Company, thereby causing considerable damages to the houses. Defendants answered with general denials, and Company filed a cross action for an alleged balance due from plaintiff.

Trial was to a jury. All special issues were answered in favor of plaintiff. Judgment was rendered on the verdict awarding plaintiff recoveries of $2,318.60 actual damages and $4,000.00 exemplary damages against Company, and decreeing that Company take nothing on its cross action. Company appeals. We affirm.

Company comes to this court with 27 points of error. Twenty-five question the legal and factual sufficiency of the evidence to support certain jury findings. The other two raise asserted problems in the court's charge. All rest upon Company's motion for new trial which contains only these two assignments of error:

"1. The verdict returned by the Jury is contrary to the law and the evidence.

"2. The verdict is excessive and is not substantiated by the evidence as presented by the Plaintiff."

▪ Where (as here) a motion for new trial is required to preserve complaints for appellate review, a ground of error not distinctly set forth in such motion shall be considered waived on appeal. Rules 321, 322, 324, and 374, Vernon's Tex.Rules Civ. Proc.; *Tex-Wash Enterprises, Inc. v. Robna, Inc.*, 488 S.W.2d 504, 506 (Tex.Civ.App. —Waco 1972, writ ref'd n. r. e.). The assignments in Company's motion for new trial are too general to call attention to any particular error. They do not specify any complaint raised on appeal. The complaints are therefore waived. *Smith v. Brock*, 514 S.W.2d 140, 142 (Tex.Civ.App.—Texarkana 1974, no writ).

The judgment is affirmed.