**Linda S. RAMEY, Appellant,**

v.

**COLLAGEN CORPORATION, Appellee.**

No. C14–89–00765–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 22, 1991.

Rehearing Overruled Sept. 12, 1991.

Clinard J. Hanby, Houston, for appellant.

Lee Hunnell, Joe W. Redden, Jr., Ben Taylor, Houston, for appellee.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

## OPINION

SEARS, Justice.

This is an appeal from a take-nothing judgment in a products liability lawsuit. Appellant sued appellee, alleging that she sustained severe injuries as a result of using appellee's Zyderm collagen product. After a lengthy jury trial, the jury found that appellee was negligent in failing to provide adequate warnings and instructions for the safe use of Zyderm but failed to find that such negligence was a proximate cause of appellant's injuries. In two points of error appellant contends the jury's failure to find that appellee's negligence was a proximate cause of injury was (1) against the great weight and preponderance of the evidence, and (2) an irreconcilable conflict with the jury's other findings. We affirm.

This products liability case involves Zyderm collagen, an extract of cowhide. Zyderm is injected under the skin to remove wrinkles, scars and other skin deformities. The package insert for Zyderm contained a precaution regarding use of the product "in patients with histories of atopic and allergic reactions to other substances" because such use had "been associated with allergic hypersensitivity reactions especially in patients with such histories."

Appellant received a test dose of Zyderm in July 1983 and did not suffer an adverse reaction. In October 1983 Zyderm was injected into appellant's face. Shortly thereafter, appellant suffered severe abdominal cramping, headaches, facial swelling, flu-like symptoms, and urinary problems. She also developed redness and swelling around the injection sites.

Appellant saw a series of doctors and was initially diagnosed as suffering from systemic lupus erythematosus. She was later diagnosed as having dermatomyositus, an autoimmune disease which causes skin and muscle inflammation.

The physician who administered the collagen injections, Dr. Jean Cukier, testified that he was aware that appellant suffered from many allergies, including an allergy to beef. He testified that appellant had been taking allergy shots for a number of years for food and inhalants. He also testified that he read the package insert for Zyderm and was aware of the precaution against use of the product in extremely allergic people.

The record also reflects that appellant received silicone breast implants in 1981. Subsequently, appellant suffered a fall which allegedly ruptured the right breast implant. That implant was subsequently removed because it allegedly was leaking. Dr. Cukier replaced the implant in July 1983, just prior to the administration of the collagen test dose. In 1987 Dr. Cukier replaced both breast implants.

In 1985 appellant filed this products liability lawsuit against appellee. At trial she argued that appellee specifically failed to contraindicate persons with beef allergy in the package insert for Zyderm. Several expert witnesses testified during the trial regarding the cause of appellant's injuries. Appellant's experts attributed her dermatomyositus to the Zyderm collagen injections while appellee's experts attributed appellant's complaints to other sources, including the silicone gel implants and allergy shots.

The jury found that appellee failed to provide Dr. Cukier with adequate warnings and instructions for the safe use of Zyderm

and that such failure was negligence. The jury failed to find, however, that appellee's negligence was the proximate cause of injury to appellant. The jury also found appellant negligent in having the collagen treatment but failed to find that her negligence was the proximate cause of her injuries. The jury did not answer the damage issues because they were conditioned on an affirmative finding of proximate cause. Thus, the trial court entered a take-nothing judgment in favor of appellee. Appellant subsequently filed a motion for new trial which was denied by the trial court.

In her first point of error appellant contends the jury's failure to find appellee's negligence was a proximate cause of injury was against the great weight and preponderance of the evidence. Appellee argues that the jury's refusal to find proximate cause was supported by a preponderance of the evidence. Further, appellee argues that the alleged error is harmless because appellant waived unconditional submission of her damages issue and, therefore, there is a deemed finding of no damages. Appellee also argues that appellant failed to preserve her great weight point because she failed to include it in her motion for new trial.

■ We disagree with appellee's contention that there is a "deemed finding" of no damages because the damages issue was conditioned on an affirmative finding of proximate cause. The Texas Rules of Civil Procedure specifically provide that "[t]he court may predicate the damage question or questions upon affirmative findings of liability." TEX.R.CIV.P. 277.

■ We do agree, however, that appellant failed to preserve her great weight point because she failed to specifically present it to the trial court in her motion for new trial. The rules of civil procedure require that a party must present a complaint that a jury finding is against the overwhelming weight of the evidence in a motion for new trial as a prerequisite to complaint on appeal. TEX.R.CIV.P. 324(b)(3). The rules also state that grounds of objection couched in general

terms shall not be considered by the court. TEX.R.CIV.P. 322. Texas courts have held that an assignment of error which merely states that the verdict is "contrary to law" or "contrary to the evidence" does not adequately present the error to the trial court. *See Birkeland v. Rollins Services*, 561 S.W.2d 24, 25 (Tex.Civ.App.—San Antonio 1977, writ ref'd n.r.e.); *Powell v. Powell*, 554 S.W.2d 850, 853 (Tex.Civ.App.—Tyler 1977, writ ref'd n.r.e.); *Smith v. Brock*, 514 S.W.2d 140, 142 (Tex.Civ.App.—Texarkana 1974, no writ). In *Smith*, the court explained the reason for the requirements of particularity for assignments of error in a motion for new trial:

> The requirements of particularity for assignments of error in a motion for new trial are not only for the benefit of the appellate court. They are primarily for the benefit of the trial court. They are designed to perform the important function of not merely laying a predicate for an appeal, but of presenting to the trial judge each ruling or error complained of in such a way that he can clearly identify and understand it, so that he may be able to review all of them with more deliberate consideration than is practicable during trial, and will then have the first full and fair opportunity to correct the errors or grant a new trial if need be.

514 S.W.2d at 142.

In the present case, appellant asserted in her motion for new trial that "when the record is viewed as a whole, the jury's verdict is against the great weight and preponderance of the evidence." In her reply brief appellant cites *Security Savings Ass'n v. Clifton*, 755 S.W.2d 925 (Tex. App.—Dallas 1988, no writ), as authority for the proposition that she properly preserved her "great weight" point in her motion for new trial. The court in *Clifton* held that a general objection that all the findings are against the great weight and preponderance of the evidence is sufficiently specific where the jury finds against the objecting party on *every* question submitted. 755 S.W.2d at 927. The rule announced in *Clifton* is inapplicable to the present case, however, because the jury did not find against appellant on every issue

submitted. The jury found that appellee failed to provide adequate warnings and instructions for the safe use of Zyderm and that such failure was negligence. If appellant's contention that the jury's verdict is against the great weight and preponderance of the evidence is read literally, her motion for new trial asserts that the negligence finding against appellee is against the great weight and preponderance of the evidence.

The reason for the rule is obvious and well-founded. We hold that appellant's "great weight" point was not properly preserved for appeal in her motion for new trial and cannot be considered by this court. Thus, we overrule appellant's first point of error.

■ Even if appellant's first point of error had been properly preserved, we further find that the jury's failure to find proximate cause is supported by a preponderance of the evidence. When reviewing the factual sufficiency of the evidence, a court of appeals must consider and weigh all the evidence and should set aside the jury's verdict only if the jury's findings are so against the great weight and preponderance of the evidence as to be manifestly unjust. *Dyson v. Olin Corp.*, 692 S.W.2d 456, 457 (Tex.1985); *In re King's Estate*, 150 Tex. 662, 664–65, 244 S.W.2d 660, 661 (1951). In considering great weight points complaining of a jury's failure to find a fact, appellate courts "should be mindful that a jury was not convinced by a preponderance of the evidence." *Herbert v. Herbert*, 754 S.W.2d 141, 144 (Tex.1988). Thus, we are not entitled to reverse merely because we conclude that the evidence preponderates toward an affirmative finding. *Id.* Reversal is warranted only after a detailing of the evidence indicates that the great weight of the evidence supports an affirmative answer. *Id.; Pool v. Ford Motor Company*, 715 S.W.2d 629, 635–36 (Tex.1986). Furthermore, the jurors are the exclusive judges of the credibility of the witnesses and the weight to be given their testimony. *City of Houston v. Goings*, 795 S.W.2d 829, 833 (Tex.App.—Houston [14th Dist.] 1990, writ denied); *Preci-*

**212**

*sion Homes, Inc. v. Cooper*, 671 S.W.2d 924, 929 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.). Additionally, "the question of proximate causation is one of fact peculiarly within the province of the jury, and the jury finding on it will be set aside only in the most exceptional circumstances." *Glover v. City of Houston*, 590 S.W.2d 799, 801 (Tex.Civ.App.—Houston [14th Dist.] 1979, no writ).

■ After reviewing the record, we find that the jury's failure to find proximate cause is not so against the great weight and preponderance of the evidence as to be manifestly unjust. Appellant's experts acknowledged the medical literature linking autoimmune disease to silicone gel implants. Appellee's experts testified that Zyderm does not cause autoimmune disease and, therefore, could not have caused appellant's dermatomyositus.

In her second point of error appellant contends the jury's failure to find that appellee's negligence was a proximate cause of injury was in irreconcilable conflict with the jury's findings of failure to provide adequate warnings and negligence.

■ "In reviewing jury findings for conflict, the threshold question is whether the findings are about the same material fact." *Bender v. Southern Pacific Transportation Co.*, 600 S.W.2d 257, 260 (Tex. 1980); *Furnace v. Furnace*, 783 S.W.2d 682, 687 (Tex.App.—Houston [14th Dist.] 1990, writ dism'd w.o.j.). If the findings are about the same material fact, we may not strike down jury answers on the ground of conflict if there is any reasonable basis upon which they can be reconciled. *Bender*, 600 S.W.2d at 260. If reasonably possible, we must reconcile apparent conflicts in the jury's findings in light of the pleadings and evidence, the manner of submission, and the other findings considered as a whole. *Id.* The presumption is always that the jurors intended to return consistent answers. *Furnace*, 783 S.W.2d at 687.

■ In the present case the jury's failure to find proximate cause is reconcilable in light of the evidence presented at trial.

As we noted earlier, both appellant's and appellee's experts acknowledged the medical literature linking autoimmune disease to silicone gel implants. Thus, the jury could have determined that appellee failed to provide adequate warnings and instructions for the safe use of Zyderm collagen and that such failure was negligence, but also could have reasonably determined, based on the expert testimony, that the proximate cause of appellant's alleged injuries were her silicone breast implants and/or her allergy shots. This construction is also supported by the jury's findings that appellant was negligent in having the collagen injections but that such negligence likewise was not the proximate cause of her injuries. Thus, it appears that the jury was simply not convinced by a preponderance of the evidence that the collagen implants caused appellant's injuries. We overrule appellant's second point of error.

Because we have overruled appellant's two points of error, we need not address appellee's conditional cross-point.

Accordingly, we affirm the judgment of the trial court.