NO. 12-01-00001-CV



IN THE COURT OF APPEALS


TWELFTH COURT OF APPEALS DISTRICT


TYLER, TEXAS


 DOUGLAS ROY, § APPEAL FROM THE 321ST

APPELLANT




 § JUDICIAL DISTRICT COURT 



TEXAS DEPARTMENT OF 

PROTECTIVE AND REGULATORY

SERVICES,

APPELLEE § SMITH COUNTY, TEXAS





 Douglas Roy ("Roy") appeals the trial court's order involuntarily terminating his parental
rights as to his daughter, C.R. Roy raises four issues on appeal. We affirm.


Background

 Roy was married to Deana Tester Pummill ("Deana"). While married, the two had a
daughter, C.R. Roy and Deana were divorced on April 20, 1998. Deana was appointed as sole
managing conservator of C.R. and Roy as possessory conservator pursuant to a standard visitation
order. (1)

 On July 2, 1999, following his visitation with C.R. at the Tyler Police Station, (2) Roy was
prepared to return C.R. to Deana at that same location. However, suspecting that Deana and her
husband, Bruce, had been drinking, Roy contacted the Department of Protective and Regulatory
Services (the "State"). When Deana and Bruce arrived at the police station to pick up C.R., a State
caseworker confronted the two. Although the police determined that neither was intoxicated, it was
agreed that it would be safer for C.R. not to ride in the car with Deana and Bruce. Deana contacted
her mother, who came to pick up C.R. Deana further signed a safety plan placing C.R. with her
(Deana's) mother throughout the State's investigation. Deana's mother subsequently turned C.R.
over to the State.

 On August 3, 1999, the State filed its original petition seeking to terminate Deana's parent-child relationship with C.R. The State requested, and the trial court issued, emergency orders
appointing the State as temporary sole managing conservator of C.R. (3) Subsequently, the State
amended its original petition and included Roy in its termination proceedings. The case was tried
before a jury. The jury determined that Roy had (1) engaged in conduct or knowingly placed C.R.
with persons who engaged in conduct which endangered the physical or emotional well-being of the
child; (2) that Roy failed to comply with the provision of a court order that specifically established
the actions necessary for him to obtain the return of his daughter; (4) and (3) that terminating Roy's
parental rights was in C.R.'s best interest. (5) On October 2, 2000, the trial court signed an order
terminating Roy's parent-child relationship as to C.R.

 On October 6, 2000, Roy filed a motion for new trial, which read as follows:


 The Court should grant this Motion for New Trial on the basis of the following: 



 The verdict, findings, and order of the Court are contrary to the law and the evidence.

 The evidence supporting the verdict, findings, and order is legally and factually insufficient 
[to] support the verdict.

 The verdict, findings, and order of the Court are against the great weight and preponderance
of the evidence.


 


 Neither the findings, verdict, nor termination order are in the best interests of the children.



 ...


 The granting of a new trial would not do injury to petitioners.



Discussion

 Roy attacks the jury's finding that he violated section 161.001(1)(O) of the Texas Family
Code and corresponding order by the trial court terminating his parent-child relationship with C.R.
on such grounds. In his brief, Roy contends that the record is void of any evidence that Roy
neglected or abused C.R. Roy further contends in the alternative that even if section 161.001(1)(O)
is applicable to him, the statute is vague and unconstitutional. Construing Roy's issue liberally as
a no-evidence point, we must first look to the record to determine if Roy preserved error.

 As a prerequisite to presenting a complaint for appellate review, the record must show that
the complaint was made to the trial court by a timely request, objection, or motion that stated the
grounds for the ruling that the complaining party sought from the trial court with sufficient
specificity to make the trial court aware of the complaint. See Tex. R. App. P. 33.1(a)(1)(A); see also
Wal-Mart Stores, Inc. v. McKenzie, 997 S.W.2d 278, 280 (Tex. 1999). Likewise, the Texas Rules
of Civil Procedure require that each point relied upon in a motion for new trial be designated in such
a way that the complaint can be clearly identified and understood by the trial court. See Tex. R. Civ.
P. 321. Grounds of objections couched in general terms shall not be considered by the court. See
Tex. R. Civ. P. 322. In the rule requiring a motion for new trial to specify each ground, the word
"specify" means to mention or name in a specific or explicit manner; to tell or state precisely or in
detail. See Tindall v. Tacconelly, 328 S.W.2d 909, 910 (Tex. Civ. App.-San Antonio 1959, writ
ref'd. n.r.e.). Although Rule 1 of our Rules of Civil Procedure states that the rules are to be given
a liberal interpretation, Rules 321 and 322 were deliberately adopted to serve a vital purpose. See
Smith v. Brock, 514 S.W.2d 140, 142 (Tex. Civ. App.-Texarkana 1974, no writ).

 In Ramey v. Collagen Corp., the Fourteenth Court of Appeals elaborated on this vital
purpose:


 The requirements of particularity for assignments of error in a motion for new trial are not only for the
benefit of the appellate court. They are primarily for the benefit of the trial court. They are designed
to perform the important function of not merely laying a predicate for an appeal, but of presenting to
the trial judge each ruling or error complained of in such a way that he can clearly identify and
understand it, so that he may be able to review all of them with more deliberate consideration than is
practicable during trial, and will then have the first full and fair opportunity to correct the errors or
grant a new trial if need be.



Ramey, 821 S.W.2d 208, 211 (Tex. App.-Houston [14th Dist.] 1991, writ denied), quoting Smith,
514 S.W.2d at 142. In Ramey, the Court ultimately held that error regarding factual sufficiency was
not properly preserved. See Ramey, 821 S.W.2d at 211. In reaching its holding, the Court addressed
the decision in Security Savings Ass'n v. Clifton, 755 S.W.2d 925 (Tex. App-Dallas 1988, no writ). 
 In Clifton, the Court held that a general objection that all findings are against the great weight
and preponderance of the evidence is sufficiently specific where the jury finds against the objecting
party on every question submitted. See Clifton, 755 S.W.2d at 927 (emphasis original). The Ramey
Court distinguished Clifton because in the case before it, the jury had not found against the appellant
in every instance. See Ramey, 821 S.W.2d at 211. Given that the jury did not find against Roy on
every question concerning him, we, too, distinguish Clifton from the case at hand. (6) Therefore, since
the points raised by Roy in his motion for new trial, as such points relate to section 161.001(1)(O),
amounted to little more than legal conclusions, and thus, were not sufficiently specific to present to
the trial judge each ruling or error complained of in such a way that she could be expected to clearly
identify and understand it. Roy's third issue is overruled.

 Roy further contends that section 161.001(1)(O) is vague and unconstitutional. However,
our review of the record demonstrates that Roy wholly failed to make reference to such an issue, at

trial, much less object to it. Thus, Roy has failed to preserve error, if any, on this issue. See Tex.
R. App. P. 33.1(a)(1)(A). Roy's fourth issue is overruled.

 Moreover, Roy has wholly failed to address in his brief the jury's finding that termination
of the parent-child relationship was in C.R.'s best interest. In accordance with Texas Rule of
Appellate Procedure 38.1(h), we only consider Roy's contentions that are specifically supported by
clear and concise argument. See, e.g., Franklin, 961 S.W.2d at 711; Leyva, 960 S.W.2d at 734;
McFarland, 932 S.W.2d at 647. Thus, we need not address the issue of whether termination was
in C.R.'s best interest.

 Roy also contends that the hearing on the termination of his parental rights was tried
approximately ninety-eight days after the State's petition was filed in violation of Texas Family Code 
section 161.003(c). However, the State did not allege termination under section 161.003. Thus, the
180-day notice requirement set forth in that rule is inapplicable to termination proceedings pursuant
to section 161.001, which contains no such restriction. Roy's first issue is overruled.

 A court may affirm on any one of several possible grounds for termination of the parent-child
relationship. See In re M.D.S., 1 S.W.3d 190, 199 (Tex. App-Amarillo 1999, no pet.). Since we
have overruled Roy's issues concerning section 161.001(1)(O), and since Roy has waived the issue
of best interest, we affirm on these grounds and need not address Roy's remaining issues.

 The trial court's order terminating the parent-child relationship between Roy and C.R. is
affirmed.

 

 SAM GRIFFITH 

 Justice


Opinion delivered October 24, 2001.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.









(DO NOT PUBLISH)
1. Due to C.R.'s young age, a graduated visitation schedule was implemented until C.R. reached age three.
2. A protective order issued against Roy required him to visit C.R. at the Tyler Police Department with an
off-duty, armed Tyler police officer or a Smith County Sheriff's Deputy in attendance.
3. See Tex. Fam. Code Ann. § 262.102 (Vernon Supp. 2001).
4. See Tex. Fam. Code Ann. § 161.001(1)(O) (Vernon Supp. 2001).
5. In addition to these findings, the jury also found that Roy did not knowingly place or knowingly allow
C.R. to remain in conditions or surroundings which endangered her physical or emotional well being.
6. In distinguishing the instant case from Clifton, we do not imply that we agree with the rule espoused
therein. To the contrary, we believe that the rule set forth in Clifton, that a general objection that "all the findings
are against the great weight and preponderance of the evidence" is sufficiently specific, contradicts the vital purpose
of Rules 321 and 322 as set forth above. The language held sufficiently specific by the Clifton Court as well as the
language employed by Roy in the instant case amount to little more than legal conclusions couched in an
argumentative posture. The better approach regarding specificity is to require the movant to specifically support its
contentions by clear and concise argument - point out which elements are unsupported by evidence or discuss why a
finding is against the great weight of authority and cite legal authority in support of its position - as is required on
appeal. See, e.g., Franklin v. Enserch, Inc., 961 S.W.2d 704, 711 (Tex. App.-Amarillo 1998, no pet.); Leyva v.
Leyva, 960 S.W.2d 732, 734 (Tex. App.-El Paso 1997, no writ); McFarland v. Sanders, 932 S.W.2d 640, 647
(Tex. App.-Tyler 1996, no writ). Tolerating less serves to thwart the vital purpose underlying a motion for new trial.