NUMBER 13-02-472-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      

RANDALL CABRERA,                                                                Appellant,

v.

WATER STREET, INC.,
D/B/A WATER STREET
RESTAURANTS AND 
CHARLIE H. DECOU,                                                                  Appellees.
                                                                                                                                      

On appeal from the County Court at Law No. 2 
of Nueces County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justices Yañez, Castillo, and Garza
Opinion by Justice Yañez

          By two issues, appellant, Randall Cabrera, challenges the trial court’s final summary
judgment in his suit against appellees, Water Street Inc., d/b/a Water Street Restaurants
(Water Street), and Charles H. De Cou. We reverse and remand.
Background
          Cabrera was injured in a restaurant parking lot around eight o’clock at night on
March 26, 1999. The parking lot is owned and maintained by Charles H. De Cou. Water 
Street leases the lot and provides attendants for customer valet parking.
          An accident occurred as Cabrera and a friend arrived at the restaurant at the same
time Mr. and Mrs. Johnson left. Cabrera’s friend, the driver of the car in which they arrived,
stopped the car in a line of vehicles waiting to be valet parked. Moments after Cabrera
exited the car, he was struck by a van backing out of a handicapped space near the valet
drop-off area.
          Mrs. Johnson was the driver of the van. She had lost control of her husband’s
handicapped-equipped van while backing out of the handicapped space. The van struck
Cabrera and pinned him against his friend’s car, causing serious injuries.
          Cabrera made a claim against the Johnsons, but a settlement was reached. On
February 21, 2001, he filed the original petition against appellees. On March 22, 2002,
appellees filed a motion for summary judgment, asserting traditional and no-evidence
grounds. On May 30, the trial court granted the motion. The next day, the trial court
entered a final summary judgment. On June 14, Cabrera filed his notice of appeal.
Standard of Review
          When considering a traditional summary judgment,


 the standard is whether the
successful movant at the trial level carried the burden of showing that there is no genuine
issue of material fact and judgment should be granted as a matter of law. M.D. Anderson
v. Willrich, 28 S.W.3d 22, 23 (Tex. 2000); Am. Tobacco Co., Inc. v. Grinnell, 951 S.W.2d
420, 425 (Tex. 1997). In resolving the issue of whether the movant has carried this
burden, all evidence favorable to the non-movant must be taken as true and all reasonable
inferences, including any doubts, must be resolved in the non-movant’s favor. Willrich, 28
S.W.3d at 23-24.
          When considering a no-evidence summary judgment, the movant does not bear the
burden of establishing each element of its own claim or defense. See Tex. R. Civ. P.
166a(i). Rather, the burden shifts to the non-movant to present evidence raising a genuine
issue of material fact in support of the challenged elements. See id. We review the
evidence in the light most favorable to the party against whom the summary judgment was
rendered, disregarding all contrary evidence and inferences. Merrell Dow Pharm., Inc. v.
Havner, 953 S.W.2d 706, 711 (Tex. 1997); see S.W. Key Program, Inc. v. Gil-Perez, 81
S.W.3d 269, 274 (Tex. 2002) (regarding proximate cause). A no-evidence summary
judgment is improper if the respondent brings forth more than a scintilla of probative
evidence to raise a genuine issue of material fact. Havner, 953 S.W.2d at 711. More than
a scintilla of evidence exists when the evidence rises to a level that would enable
reasonable and fair-minded people to differ in their conclusions. Id.
          “When the trial court does not specify the basis for its summary judgment,” as is the
case here, “the appealing party must show it is error to base it on any ground asserted in
the motion.” Star-Telegram, Inc. v. Doe, 915 S.W.2d 471, 473 (Tex. 1995). “The appellate
court must affirm the summary judgment if any one of the movant’s theories has merit.” 
Doe, 915 S.W.2d at 473.Analysis
          In his second amended petition, Cabrera alleged appellees were negligent in: (1)
failing to maintain the parking lot in a reasonably safe condition; (2) failing to give
adequate and understandable warnings to him of the unsafe condition of the parking lot
area; (3) failing to give warnings to him of the unsafe condition; (4) failing to provide
adequate lighting of the area in question; (5) failing to provide a safe valet drop-off and
pick-up area for its valet customers; (6) failing to provide a safe area for him to walk in the
parking lot and failing to protect such area; (7) failing to adequately or properly warn or
inform him of where he was supposed to be walking; (8) failing to provide adequate
operating room for moving vehicles; (9) failing to provide adequate distance between the
parked vehicles.



          In their motion for summary judgment, appellees assert that Mrs. Johnson’s
negligence was the sole proximate cause


 of the accident and that there is no evidence
that their acts or omissions proximately caused the accident.
          On appeal, since the trial court did not specify the basis for its summary judgment,
Cabrera must show it is error to base the summary judgment on both the sole proximate
cause ground and the no-evidence ground asserted in the appellees’ motion. See Doe,
915 S.W.2d at 473. Cabrera’s appellate issues address each of appellees’ grounds for
summary judgment in turn.
          By his first issue, regarding appellees’ sole proximate cause ground, Cabrera
contends the trial court erred in granting appellees’ motion for summary judgment because
proximate cause is a question of fact for the jury to determine and there could have been
more than one proximate cause of this occurrence. We agree.
          “Texas courts routinely hold that proximate causation is a fact question within the
jury’s province.” Berry Prop. Mgmt. v. Bliskey, 850 S.W.2d 644, 656 (Tex. App.–Corpus
Christi 1993, writ dism’d by agr.) (citing Ramey v. Collagen Corp., 821 S.W.2d 208, 212
(Tex. App.–Houston [14th Dist.] 1991, writ denied)); see Durham Transp. v. Valero, 897
S.W.2d 404, 411 (Tex. App.–Corpus Christi 1995, writ denied); Boyd v. Fuel Distrib., Inc.,
795 S.W.2d 266, 272 (Tex. App.–Austin 1990, writ denied); Glover v. City of Houston, 590
S.W.2d 799, 801 (Tex. Civ. App.–Houston [14th Dist.] 1979, no writ); Pate v. S. Pac.
Transp. Co., 567 S.W.2d 805, 809 (Tex. Civ. App–Houston [14th Dist.] 1977, writ ref’d
n.r.e.). “It is for the jury to weigh the probability of harm to the plaintiff and the gravity of
that harm against the cost or burden imposed by the required precaution.” Bliskey, 850
S.W.2d at 656; see also Farley v. M M Cattle Co., 529 S.W.2d 751, 755-56 (Tex. 1975)
(“[W]hether a particular act of negligence is a cause in fact of an injury has been said to
be a particularly apt question for jury determination.”). However, proximate cause can
become a question of law “if the circumstances are such that . . . reasonable minds could
not arrive at different conclusions.” Mo. Pac. R.R. Co. v. Am. Statesman, 552 S.W.2d 99,
104-05 (Tex. 1977) (citing Lewie Montgomery Trucking Co. v. S. Pac. Co., 439 S.W.2d
691, 694-95 (Tex. Civ. App. 1969, writ ref’d n.r.e.); Mo. Pac. R.R. Co. v. Dean, 417
S.W.2d 357, 359 (Tex. Civ. App. 1967, writ ref’d n.r.e.)); see First Assembly of God, Inc.
v. State Utils. Elec. Co., 52 S.W.3d 482, 493 (Tex. App.–Dallas 2001, no pet.), 52 S.W.3d
at 493; Boyd, 795 S.W.2d at 272; Friedan v. Pan Tex Hotel Corp., 653 S.W.2d 365, 367
(Tex. App.–Austin 1983, no writ).
          Appellees contend that Cabrera conceded that Mrs. Johnson was the sole
proximate cause when he “admitted in his deposition that the inability of Mrs. Johnson to
drive the handicapped-equipped van had nothing to do with the way the parking lot was
being operated or maintained.” The record of the deposition reflects that the alleged
admissions made by Cabrera were actually answers to a string of questions by appellees,
such as “[D]o you understand that it’s the position of the defendants in this case that . . .
?” and “Would you agree with me that assuming that that’s (Mrs. Johnson’s loss of control
of the van) what caused the accident, would you agree that . . . ?” Cabrera’s answers to
these questions, when placed in their proper context, do not demonstrate sole proximate
cause as a matter of law, as appellees allege.
          After considering the background circumstances outlined earlier, we hold
reasonable minds could arrive at different conclusions as to whether there was a sole
proximate cause. There could have been more than one proximate cause of this injury,
and all persons whose negligent conduct contributed to the injury would be responsible for
it. See Travis v. City of Mesquite, 830 S.W.2d 94, 98 (Tex. 1992); Boyattia v. Hinojosa,
18 S.W.3d 729, 735 (Tex. App.–Dallas 2000, pet. denied). The question of proximate
cause in this case is one of fact and should go to a jury. Moreover, considering all
evidence favorable to Cabrera must be taken as true and all reasonable inferences,
including any doubts, must be resolved in his favor, we hold that genuine issues of material
fact regarding sole proximate cause remain. Summary judgment could not have been
awarded on the sole proximate cause ground. Appellant’s first issue is sustained.
          Reiterating that we must affirm the summary judgment if any one of Water Street’s
theories has merit, Doe, 915 S.W.2d at 473, we next address Cabrera’s second issue,
even though we have sustained the first. By his second issue, Cabrera contends the trial
court erred if it granted the motion for summary judgment because there was no evidence
that appellees proximately caused the accident. We agree.
          “Proximate cause . . . may be established by circumstantial evidence.” Farley, 529
S.W.2d at 755. “The components of proximate cause are cause in fact and forseeability.” 
Marathon Corp. v. Pitzner, 106 S.W.3d 724, 727 (Tex. 2003). “The test for cause in fact,
or ‘but for causation,’ is whether the act or omission was a substantial factor in causing the
injury ‘without which the harm would not have occurred.’” Id. (citing Doe v. Boys Clubs of
Greater Dallas, Inc., 907 S.W.2d 472, 477 (Tex. 1995)). “The test for forseeability is
whether a person of ordinary intelligence would have anticipated the danger his or her
negligence creates.” Gil-Perez, 81 S.W.3d at 274.



          “While examining the record to determine if there is sufficient evidence of causation,
we must view the evidence in a light that tends to support the finding of causation and
disregard all evidence and inferences to the contrary.” Id. The record consists of
appellant’s answers to interrogatories, his deposition testimony, and photographs of the
extremely tightly-packed parking lot. Appellees failed to present controverting evidence. 
Having examined this record in a light most favorable to a finding of causation and ignored
all contrary evidence and inferences, we hold that Cabrera brought forth more than a
scintilla of probative evidence to raise a genuine issue of material fact as to proximate
cause. See Havner, 953 S.W.2d at 711. Thus, because Cabrera met his burden to bring
forth evidence that rises to a level that would enable reasonable and fair-minded people
to differ in their conclusion on proximate cause, summary judgment on the no-evidence
ground was improper. See id. Appellant’s second issue is sustained.
          Having considered appellant’s two issues, we sustain both. The final summary
judgment of the trial court is REVERSED. The case is REMANDED to the trial court for
further proceedings in accordance with this opinion.
 
                                                                                                                      
                                                                LINDA REYNA YAÑEZ
                                                                           Justice



Opinion delivered and filed this the
4th day of March, 2004.