George R. GAUT, Appellant,

v.

Dr. D. C. QUAST et al., Appellees.

No. 930.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Jan. 30, 1974.

Rehearing Denied Feb. 20, 1974.

John H. Holloway, Houston, for appellant.

Frank B. Davis, Sam W. Cruse, Jr., Andrews, Kurth, Campbell & Jones, Houston, for appellees.

COULSON, Justice.

This is a medical malpractice suit in which judgment was entered on the verdict against appellant George R. Gaut, plaintiff below, and for appellees, Drs. D. C. Quast and J. C. McKechnie.

The question here is whether a plaintiff is entitled to the submission of special issues on fraud independently of his issues on informed consent when a doctor has allegedly misrepresented the results of

medical tests in order to induce the plaintiff to consent to surgery.

Appellant sustained a fall and approximately one week later began suffering from nausea, vomiting, and back pains. His orthopedic physician attempted to treat him and then admitted him to Methodist Hospital, Houston, where Dr. McKechnie was called as a specialist in internal medicine. Dr. McKechnie gave appellant a physical examination, took his history, and ordered a series of tests. Four tests related specifically to his stomach. The first test, gastrointestinal x-rays, revealed a stomach abnormality which was interpreted as being consistent with carcinoma (cancer) or lymphoma. A gastroscopy was performed "to look down inside the stomach," but Dr. McKechnie was unable to detect anything abnormal, although he stated this test did not permit him to view anything other than the stomach's lining. A cell washing test proved unsatisfactory because of the presence of food in the stomach, and the laboratory's request to repeat this test was not fulfilled. A test of stomach acid found no acid, an abnormal condition. Dr. McKechnie and Dr. Quast, the surgeon, discussed the tests with appellant and each advised surgery, to which appellant gave his consent. The surgery revealed that appellant had neither a tumor nor cancer; the stomach had unusually large rugae (folds) and an inflammation termed gastritis.

Appellant's petition outlines causes of action for informed consent, fraud, assault and battery, negligence, and gross negligence. Appellant testified that Drs. McKechnie and Quast had informed him that all four of the tests detailed above confirmed that he had cancer. He also said that their diagnosis as reported to him was a 100% certainty of cancer and that he would never have consented to surgery but for their absolute certainty. The two doctors testified that they had correctly reported the results of the tests to appellant, stating that while the x-ray indicated a possible tumor, the other tests were inconclusive as to the existence of a tumor.

The doctors testified that their diagnosis, as reported to appellant, was that there was some indication of a possible tumor in the stomach which could only be confirmed or rejected through surgery.

The trial judge submitted special issues on informed consent, proximate cause, and damages, but rejected appellant's requested issues on fraud, exemplary damages, and various acts of alleged negligence. Special Issue No. 1 read as follows: "Do you find from a preponderance of the evidence that the defendants failed to obtain the informed consent of George R. Gaut for the surgery performed April 11, 1968?" Its accompanying instruction reads as follows:

> 'Informed consent,' as used in the foregoing issue, means the furnishing by the doctor to the patient sufficient information about the nature of the illness, and the results of the tests and examinations made by the physician or surgeon, or others, in connection with the diagnosis of such illness, and of the risks and complications, if any, which might be involved in the patient refusing or accepting proposed medical treatment or surgery, to enable the patient to make a knowledgeable, intelligent and informed consent to submit to surgery or to refuse surgery.

The jury answered "We do not" to Special Issue No. 1 and found "None" on all of the elements of the damage issue.

Appellant's primary contention on appeal is that the trial court erred in rejecting his special issues on fraud as an independent ground of recovery from informed consent. He asserts that his testimony that the doctors affirmatively misrepresented to him the test results raised a fact issue of fraud for the jury.

The Supreme Court in Wilson v. Scott, 412 S.W.2d 299 (Tex.Sup.1967), recognized the tort of informed consent as a species of medical malpractice. The plaintiff in Wilson did not allege negligence in the diagnosis or recommendation of surgery or in the operation itself. The negligence al-

leged was in failing to apprise the patient of all of the risks incident to the operation in obtaining his consent to it. The Court held that doctors have a duty of reasonable disclosure of the risks involved in a diagnosis or treatment, based upon their patient's right to information sufficient to exercise an informed consent.

■ Fraud is the misrepresentation of a past or present material fact upon which a plaintiff relies to his detriment. The detriment to appellant from the alleged misrepresentations of the doctors would have been a deprivation of his right to exercise an informed consent and only consequently the submission to an operation which he would not otherwise have permitted. When a doctor misrepresents a patient's physical condition, the doctor's diagnosis, or test results, for the purpose of inducing the patient to consent to surgery, the harm caused by the misrepresentation is the formation of a consent decision by the patient based upon inadequate or erroneous facts. In short, the doctor does not fraudulently operate, he fraudulently obtains a consent to operate. Thus the issue of informed consent encompasses not only the negligent failure to apprise a patient of the risks of an operation but also the fraudulent report to a patient of test results. Since appellant's issues on fraud were evidentiary issues, the trial court did not err in rejecting them when submitting the ultimate and controlling issue of informed consent. Texas Rules of Civil Procedure 279.

It should be noted that the Supreme Court in Wilson did not say that the plaintiff could not have pleaded his action as one for assault and battery. *Id.* at 302. This leads to the conclusion that the appellant here could have sued only for fraud and properly submitted his fraud issues to the jury. However, since he sued for fraud and informed consent, he was not entitled to both sets of issues.

■ Since the issue of informed consent encompassed fraud as well as negligence, it follows that appellant's issue on exemplary damages could have been submitted. However, the jury failed to find any actual damages, the necessary predicate for exemplary damages. Fort Worth Elevators Co. v. Russell, 123 Tex. 128, 70 S.W.2d 397 (1934).

■ Appellant also urges that the trial judge committed error in rejecting his issues on specific acts of negligence. These issues asked whether the gastroscopy was negligently performed and whether there was negligence in failing to repeat the x-rays, in failing to repeat the gastroscopy, in operating on the basis of these tests, or, alternatively, in failing to follow a conservative treatment without surgery. It is well established that the standard of care for a doctor, required by Bowles v. Bourdon, 148 Tex. 1, 219 S.W.2d 779 (1949), may be proven by the testimony of a doctor-defendant. Appellant attempted to use this technique in relation to the acts of negligence in each of these issues, but failed in that neither doctor testified that it was standard practice to do any of these acts. Nor was any evidence presented that Dr. McKechnie negligently performed the gastroscopy.

■ The trial court's alleged error in rejecting appellant's definition of negligence in favor of another must be held harmless, because the appellant has failed to point out in his brief in what manner the submitted definition was erroneous. Tex.R.Civ.P. 418(c).

■ Appellant asserts that the jury's failure to find that he did not give his informed consent was wrong as a matter of law as against the undisputed evidence, or, alternatively, against the great weight and preponderance of the evidence. The argument here is that the doctors themselves established the medical standard that these test results and their implications should have been correctly reported to the appellant, but the appellant asserts that the doctors testified that they reported the tests were "positive" and conclusively proved

the existence of a tumor. However, the doctors did not so testify; they consistently testified that they correctly reported the tests and interpreted them as indicating the possibility of a tumor, for which they recommended exploratory surgery as the only means of dispelling this suspicion. The jury was thus presented with a simple question of believing the doctors or appellant.

Appellant's final argument is that the jury's failure to find any damages is contrary to the undisputed evidence, against the great weight of the evidence, and indicative of prejudice against appellant. Since the jury failed to find liability, any error in failing to find damages is harmless. Southern Pine Lumber Co. v. Andrade, 132 Tex. 372, 124 S.W.2d 334 (1939, opinion adopted).

Affirmed.