George R. GAUT, Petitioner,

v.

D. C. QUAST et al., Respondents.

No. B–4535.

Supreme Court of Texas.

May 22, 1974.

Rehearing Denied June 26, 1974.

John H. Holloway, Houston, for petitioner.

Andrews, Kurth, Campbell & Jones, Sam W. Cruse, Jr., Houston, for respondents.

PER CURIAM.

This is a suit by George R. Gaut against Dr. Quast and Dr. McKechnie for medical malpractice. As set out more fully in the opinion of the court of civil appeals, 505 S.W.2d 367, the plaintiff had entered Methodist Hospital in Houston, Texas, for diagnosis and treatment of nausea, vomiting and back pains. After a physical examination and a series of tests, including a gastrointestinal X-ray, Doctors McKechnie and Quast made a diagnosis of a possible malignant stomach tumor. They informed Mr. Gaut of their tentative diagnosis and obtained his consent to perform exploratory surgery. When the operation was performed, the stomach abnormality noticed in the X-ray was discovered to be only unusually large rugae (folds). There was no tumor or malignancy.

Mr. Gaut has brought suit on a theory of lack of informed consent. The trial court submitted the following special issue, with accompanying definition, which the jury answered in favor of the doctors; i. e., they answered the question "we do not":

Do you find from a preponderance of the evidence that the defendants failed to obtain the informed consent of George R. Gaut for the surgery performed April 11, 1968?

"Informed consent," as used in the foregoing issue, means the furnishing by the doctor to the patient sufficient information about the nature of the illness,

and the results of the tests and examinations made by the physician or surgeon, or others, in connection with the diagnosis of such illness, and of the risks and complications, if any, which might be involved in the patient refusing or accepting proposed medical treatment or surgery, to enable the patient to make a knowledgeable, intelligent and informed consent to submit to surgery or to refuse surgery.

The trial court, however, refused to submit plaintiff's requested special issues on intentional misrepresentation by the doctors and for exemplary damages.

On the basis of the jury's answer to the issue of informed consent, the trial court entered a take-nothing judgment against the plaintiff. The court of civil appeals has affirmed.

■ In the course of its opinion the court of civil appeals wrote that the issue of informed consent could have supported the submission of an issue on exemplary damages. We do not agree with this statement of law.

An affirmative answer to the submitted issue of informed consent, standing alone, would not constitute a finding or findings sufficient to justify exemplary damages. For example, there is no finding that there was a false representation willfully made, or made recklessly without any knowledge of its truth and as a positive assertion. Oilwell Division, U. S. Steel v. Fryer, 493 S.W.2d 487 (Tex.1973); Clements v. Withers, 437 S.W.2d 818 (Tex.1969).

■ However, the trial court's refusal to submit petitioner's requested issue on intentional misrepresentation is not error, as we can find no evidence in the record of any purposeful intent by the defendants to mislead Mr. Gaut. The doctors testified that they believed Gaut had a stomach tumor, possibly cancerous. Gaut's recollection was almost exactly the same—the doctors told him he had a tumor which was possibly malignant.

Such testimony fails to show any evidence of the doctors' previous knowledge of their erroneous diagnosis or of their intentional misrepresentation of his condition. Consequently, the trial court was correct in refusing to submit the issues of intentional misrepresentation and exemplary damages.

The application for writ of error is refused, no reversible error.