COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-219-CV
 
 
GANANA 
TESFA, M.D. AND NEUROLOGY                              APPELLANTS
ASSOCIATES 
OF ARLINGTON, P.A.
 
V.
 
NELSON 
LEE STEWART, AS EXECUTOR                                     APPELLEE
OF 
THE ESTATE OF GEORGE PRESTON
FOSTER, 
DECEASED
 
 
------------
 
FROM 
THE 342ND DISTRICT COURT OF TARRANT COUNTY
 
------------
 
OPINION
 
------------
I. 
Introduction
        Appellants, 
Ganana Tesfa, M.D. and his professional association, appeal an adverse judgment 
in a medical malpractice suit.  In three issues, Appellants claim that: Harris 
County v. Smith error exists in the trial court’s broad-form damages 
question because the record contains no evidence of disfigurement and that 
element of damages was submitted over objection; no evidence exists that the 
total damages awarded by the jury resulted from Dr. Tesfa’s negligence; and 
the judgment’s pre and postjudgment interest rates should be recalculated 
based on the 2003 amendments to the Texas Finance Code.  We will affirm.
II. 
Disfigurement
        In 
their first issue, Appellants contend that no evidence of disfigurement exists 
and that, therefore, the trial court erred by submitting this element of damages 
in a broad-form damage question over Appellants’ objection.[1]  
Appellee, Nelson Lee Stewart, as Executor of the Estate of George Preston 
Foster, contends that Appellants did not object to the form of the court’s 
charge and that legally sufficient evidence of disfigurement exists.
        Special 
question number 3 of the court’s charge provides:
 
What 
sum of money would have fairly and reasonably compensated George Preston Foster 
for injuries prior to his death, if any, that reasonably resulted from the 
conduct referred to in Question No. 1?
 

 Consider the elements of damages listed below and none 
 other. Consider each element separately. Do not include damages for one 
 element in any other element. Do not include interest on any amount of damages 
 you find.


Answer in 
dollars and cents, if any, for the following elements of damages:

                a.     Pain 
and mental anguish.
 
“Pain 
and mental anguish” means the conscious physical pain and emotional pain, 
torment, and suffering experienced by George Preston Foster.

                b.     Disfigurement.

                c.     Physical 
impairment.


         Answer:     [the jury answered $1,000,000]


                d.     Medical 
expenses.
 
“Medical 
expenses” means the reasonable and necessary expenses and hospital care 
received by George Preston Foster.
 

         Answer:     [the jury answered $425,000]


Appellants 
asserted a no-evidence objection to each subsection of special question number 
3.[2]   Appellants did not object to the 
broad-form submission of the damages question or advise the court that any 
particular element of damages should not be submitted in broad form.
        At 
the outset, we must address whether Appellants preserved their charge error 
complaint for appeal.  The trial court is required by the rules of civil 
procedure to submit controlling questions, including damage questions, in broad 
form whenever feasible. Tex. R. Civ. P. 277; see 
also Tex. Dep’t Human Servs. v. E.B., 802 S.W.2d 647, 649 (Tex. 1990); Mo. 
Pac. R.R. Co. v. Lemon, 861 S.W.2d 501, 508 (Tex. App.—Houston [14th 
Dist.] 1993, writ dism'd by agr.) (op. on reh’g).  Therefore, a party 
asserting that it is not feasible to submit a particular special question in 
broad form must specifically object to the broad-form submission.  Accord 
Crundwell v. Becker, 981 S.W.2d 880, 884 (Tex. App.—Houston [1st 
Dist.] 1999, pet. denied) (holding trial court properly overruled objection to 
the broad-form submission).  The supreme court recently emphasized that 
complaints of error in broad-form submission must be preserved by objection at 
trial. In re B.L.D., 113 S.W.3d 340, 349-50 (Tex. 2003), cert. denied, 
___ S. Ct. ___, 2004 WL 547224 (Mar. 22, 2004).  “A timely objection, plainly 
informing the court that a specific element of damages should not be included in 
a broad-form question because there is no evidence to support its 
submission, therefore preserves the error for appellate review."  Id. 
(quoting Harris County v. Smith, 96 S.W.3d 230, 236 (Tex. 2002)) 
(emphasis added); see also In re A.V., 113 S.W.3d 355, 362 (Tex. 2003) 
(recognizing alleged broad-form charge error not preserved when appellant “did 
not argue to the trial court that because the charge was based on a theory 
without evidentiary support, the charge should not be submitted in broad form”) 
(emphasis added); Crown Life Ins. Co. v. Casteel, 22 S.W.3d 378, 389 
(Tex. 2000) (holding “timely and specific” objection necessary to preserve 
broad-form charge error); Thomas v. Oldham, 895 S.W.2d 352, 359-60 (Tex. 
1995) (holding that because appellant did not ask for separate damage findings 
he could challenge only legal sufficiency of evidence supporting whole verdict 
even though jury made marginal notations on charge giving amounts for each 
damage element).
        Additionally, 
Rule 274 of the rules of civil procedure provides that a party’s charge 
objection is untenable if it is “obscured or concealed by voluminous unfounded 
objections, minute differentiations or numerous unnecessary requests.” Tex. R. Civ. P. 274.  
The standard for reviewing the sufficiency of a charge objection is whether it 
called the trial court's attention to the issue.  Tex. R. App. P. 
33.1(a)(1)(A) (requiring an objection to grounds for the ruling the party sought 
from the trial court with sufficient specificity to make the trial court aware 
of the complaint, unless the specific grounds were apparent from the context); State 
Dep’t of Highways & Pub. Transp. v. Payne, 838 S.W.2d 235, 241 (Tex. 
1992) (op. on reh’g) (holding “[t]here should be but one test for 
determining if a party has preserved error in the jury charge, and that is 
whether the party made the trial court aware of the complaint, timely and 
plainly, and obtained a ruling”); see also David E. Keltner and Karen 
S. Precella, The Court’s Charge: The State of Payne and the Progeny of 
Casteel, State Bar of Tex. Advanced Civil Appellate Practice Course 6, 6-8 (2003) (pointing out that 
preservation under Payne requires that the record clearly reflect that 
the trial court understood the complaint but chose not to change the charge).
        Appellants 
here objected to the submission of all four elements of damages submitted to the 
jury, including medical expenses, on no-evidence grounds, essentially asserting 
that no damage question should be submitted to the jury at all.  Appellants 
did not object in any respect to the form of the damages question, did not 
contend that some proper element of damages was improperly comingled in a list 
with a damage element supported by no evidence, and did not plainly inform the 
trial court that any specific element of damages—as opposed to every element 
of damages—should not be included in the broad-form submission.  Cf. 
B.L.D., 113 S.W.3d at 349-50 (requiring specific objection that particular 
damage element should not be included in broad-form list); Harris County, 
96 S.W.3d at 236 (same); see also A.V., 113 S.W.3d at 362 (recognizing 
alleged broad-form charge error not preserved when appellant did not argue that 
question should not be submitted in broad form).  Appellants’ objection 
was not specific and it did not call the trial court’s attention to any 
problem with the broad-form damages submission.  Cf. Tex. R. App. P. 33.1(a)(1)(A).  
Additionally, Appellants’ no-evidence objections to every element of damages 
obscured the complaint they now make: that special question number 3 improperly 
comingled some valid damage elements with an improperly submitted disfigurement 
element of damages.  See, e.g., Davis v. Sheerin, 754 S.W.2d 375, 
385 (Tex. App.—Houston [1st Dist.] 1988, writ denied) (holding 
charge objection of “no evidence, insufficient evidence, no predicate, comment 
on the evidence” did not preserve appellant’s comment-on- 
the-weight-of-the-evidence complaint because appellant failed to explain how 
question constituted comment on the evidence and only included this among other 
stock objections).  In short, the record does not reflect that the trial 
court understood the complaint Appellants now raise but chose not to change the 
charge.  Appellants simply made stock no-evidence objections to every 
element of damages included in the court’s charge.  Accordingly, we hold 
that Appellants did not preserve their broad-form submission charge error 
complaint.
        Liberally 
construing Appellants’ first issue, as we must, the issue also challenges the 
legal sufficiency of the evidence of disfigurement. Tex. R. App. P. 38.1, 
38.9.  Consequently, we address the legal sufficiency of the evidence to 
support submission of disfigurement.  In determining a no-evidence issue, 
we consider only the evidence and inferences that tend to support the finding 
and disregard all evidence and inferences to the contrary.  Bradford v. 
Vento, 48 S.W.3d 749, 754 (Tex. 2001); Cont’l Coffee Prods. Co. v. 
Cazarez, 937 S.W.2d 444, 450 (Tex. 1996); In re King's Estate, 150 
Tex. 662, 244 S.W.2d 660, 661 (1951).  Anything more than a scintilla of 
evidence is legally sufficient to support the finding. Cazarez, 937 
S.W.2d at 450; Leitch v. Hornsby, 935 S.W.2d 114, 118 (Tex. 1996).  
More than a scintilla of evidence exists if the evidence furnishes some 
reasonable basis for differing conclusions by reasonable minds about the 
existence of a vital fact.  Rocor Int’l, Inc. v. Nat’l Union Fire 
Ins. Co., 77 S.W.3d 253, 262 (Tex. 2002).
        Foster’s 
medical records demonstrate that Foster suffered scarring from surgeries which 
experts testified were necessitated by Dr. Tesfa’s negligence.  
Specifically, Dr. Greenstein testified that as a result of Dr. Tesfa’s 
negligence Foster developed an empyema, an infection in the pleural space of his 
chest cavity.  The empyema necessitated two thoracostomys by Dr. Norcross 
to insert chest tubes into Foster’s chest cavity.  The medical records, 
including nurses’ notes and photographs, demonstrate that Foster suffered 
scars as a result of the thoracostomy surgeries.  Surgical scars may 
constitute compensable disfigurement.  See, e.g., Wal-Mart Stores, Inc. 
v. Tinsley, 998 S.W.2d 664, 673 (Tex. App.—Texarkana 1999, pet. denied) 
(holding evidence of “small scar on her lower back and hip” legally 
sufficient evidence of disfigurement); Northwest Mall, Inc. v. Lubri-Lon 
Int’l, Inc., 681 S.W.2d 797, 804-05 (Tex. App.—Houston [14th 
Dist.] 1984, writ ref'd n.r.e.) (holding evidence of three hip surgeries prior 
to trial and anticipation of three more hip surgeries, each leaving bigger 
scars, sufficient to support award of $25,000 for past disfigurement and $30,000 
for future disfigurement); see also Pressey v. Patterson, 898 F.2d 1018, 
1025 (5th Cir. 1990) (holding disfigurement evidence sufficient when plaintiff 
had obvious disfigurement before reconstructive surgery, and some scarring 
remained after surgery); Firestone Tire & Rubber Co. v. Battle, 745 
S.W.2d 909, 917 (Tex. App.—Houston [1st Dist.] 1988, writ denied) 
(holding $110,000 disfigurement award factually sufficient based on scarring, 
including some surgical scarring, of plaintiff’s hand).  Viewing only the 
evidence and inferences that tend to support the existence of disfigurement and 
disregarding all evidence and inferences to the contrary, more than a scintilla 
of evidence exists supporting submission of the disfigurement element of damages 
to the jury.
        Moreover, 
two experts, Dr. Campbell and Dr. Greenstein, testified that they had reviewed 
Foster’s medical records and that Foster suffered disfigurement as a result of 
Dr. Tesfa’s negligence.  Appellants claim that, although they did not 
object to Dr. Campbell’s or Dr. Greenstein’s expert testimony, it is no 
evidence of disfigurement because it is conclusory.  Appellants urge us to 
disregard Dr. Campbell’s and Dr. Greenstein’s disfigurement testimony in 
conducting our legal sufficiency review.  To preserve a complaint that an 
expert’s opinion constitutes no evidence, a party must object to the evidence 
before trial, object when the evidence is offered, or move to strike the 
testimony after cross-examination reveals that the opinion is not supported by 
facts or data.  See Kerr-McGee Corp. v. Helton, 2004 WL 224458, at 
*5-6 (Tex. Jan. 30, 2004) (holding that, where cross-examination established 
that expert “had no factual basis” for his projections, expert’s opinion 
constituted no evidence and motion to strike testimony preserved no- evidence 
point for review); Maritime Overseas Corp. v. Ellis, 971 S.W.2d 402, 409 
(Tex.) (holding appellant waived contention that expert testimony constituted no 
evidence by failing to object until after jury verdict), cert. denied, 
525 U.S. 1017 (1998).  Appellants did not object to Dr. Campbell’s or Dr. 
Greenstein’s disfigurement testimony and did not move to strike the 
disfigurement testimony.  Thus, Appellants did not preserve their complaint 
that Dr. Campbell’s and Dr. Greenstein’s disfigurement testimony constitutes 
no evidence.  See Ellis, 971 S.W.2d at 409 (requiring timely 
objection so that offering party is given opportunity to cure any defect and 
thereby prevent “trial and appeal by ambush”).  Finally, even 
disregarding Dr. Campbell’s and Dr. Greenstein’s disfigurement testimony, 
Foster’s medical records, including nurses’ notes and photographs of the 
scars he sustained from the thoracostomy surgeries, constitute more than a 
scintilla of evidence supporting submission of disfigurement to the jury.  
We overrule Appellants’ first issue.[3]
III. 
Unliquidated Damages Award
        In 
their second issue, Appellants contend that pursuant to the dictates of Texarkana 
Memorial Hospital v. Murdock the jury’s award of unliquidated damages for 
pain and mental anguish, disfigurement, and physical impairment must be reversed 
because the total damage award for these elements fails to segregate damages 
Foster suffered in a June 1997 automobile accident from damages attributable to 
Dr. Tesfa’s alleged subsequent negligence beginning in August 1997. 946 S.W.2d 
836 (Tex. 1997).  Appellants argue that “the record contains more than a 
scintilla of evidence that some of the damages are attributable to Dr. Tesfa’s 
negligence, but no evidence to support the entire award of actual 
damages.”  [Footnote omitted.]  Appellee responds that the trial 
court specifically instructed the jury to award Foster damages only for injuries 
caused by Dr. Tesfa’s negligence and contends that Appellants failed to allege 
or establish the jury’s failure to follow this instruction.  We have 
examined the Murdock case, and it is not applicable to the issue 
presented by Appellants.
        In 
Murdock, the supreme court held that a plaintiff should recover only for 
past medical expenses arising from treatment necessitated by the defendant’s 
negligence, as opposed to other causes, where such a differentiation is 
possible.  Id. at 840.  The supreme court recognized that an 
award of past medical expenses is typically capable of such a differentiation 
because past medical expenses are incurred in specific amounts for specific 
purposes, unlike unliquidated damages such as pain and suffering where the jury 
has broad discretion in determining an appropriate award.  Id. at 
841.  Consequently, Murdock requires a plaintiff who is being 
treated for more than one condition, when the conditions are brought on by 
causes independent of each other (one cause being the alleged negligence of the 
defendant), when possible, to segregate the past medical expenses attributable 
to each condition.  Id. at 840.  The failure to segregate does 
not render an unsegregated total damage award legally insufficient; it entitles 
the defendant to a new trial so that the plaintiff can prove which medical 
expenses were necessitated by the defendant’s alleged negligence and so that 
the defendant is held accountable only for the past medical expenses 
attributable to his alleged negligence.  Id.
        Here, 
unlike in Murdock, Appellants do not challenge the jury’s award of past 
medical expenses. They instead complain that the jury’s damage award for pain, 
mental anguish, disfigurement, and physical impairment does not segregate what 
amount of these damages directly resulted from alleged medical malpractice by 
Dr. Tesfa, as opposed to the car accident.  The supreme court limited its 
segregation holding in Murdock, however, to past medical expenses, 
expressly noting that past medical expenses are “readily capable of 
measurement by a certain standard” . . . “unlike more nebulous measures of 
damages such as pain and suffering where the jury has broad discretion when 
fixing an amount to award.”  Id. at 841.  The Murdock 
holding cannot and does not apply to unliquidated damages.  Id.
        Moreover, 
as noted by Appellee, the jury was instructed to determine the damages, “if 
any, that reasonably resulted from the conduct referred to in Question No. 1,” 
the negligence question.[4]  Unless the record 
demonstrates otherwise, we must presume that the jury followed this instruction 
in answering special question number 3.  See, e.g., Golden Eagle 
Archery, Inc. v. Jackson, 116 S.W.3d 757, 771 (Tex. 2003); Turner, Collie 
& Braden, Inc. v. Brookhollow, Inc., 642 S.W.2d 160, 167 (Tex. 1982); Arkoma 
Basin Exploration Co., Inc. v. FMF Assoc. 1990-A, Ltd., 118 S.W.3d 445, 462 
(Tex. App.—Dallas 2003, no pet.); Rendon v. Avance, 67 S.W.3d 303, 
310-11 (Tex. App.—Fort Worth 2001, pet. granted, cause remanded w.r.m.); Reliable 
Consultants, Inc. v. Jaquez, 25 S.W.3d 336, 347 (Tex. App.—Austin 2000, 
pet. denied).  Appellants do not point to any evidence in the record, and 
we have located none, rebutting the presumption that the jury followed the 
instruction given in the court’s charge telling them to determine what sum of 
money would compensate Foster for injuries, “if any, that reasonably resulted 
from the conduct referred to in Question No. 1.”[5]  
Thus, we presume the jury’s unliquidated damage award was limited, in 
accordance with the trial court’s express instruction and the jury’s answer 
to question number 1, to injuries attributable to Dr. Tesfa’s negligence 
alone.  We overrule Appellants’ second issue.
IV. 
Interest
        In 
their third issue, Appellants contend that the 2003 amendments to the Texas 
Finance Code altering postjudgment interest rates apply to the judgment signed 
in this case.  See Tex. Fin. Code Ann. § 304.003 
(Vernon Supp. 2004).  The judgment in this case was signed on April 25, 
2003.  The finance code amendments apply to a final judgment that “is 
signed or subject to appeal on or after the effective date of this 
Act."  See Act of June 2, 2003, 78th Leg., R.S., ch. 
204, § 6.04, 2003 Tex. Gen. Laws 862, 862 (effective date Sept. 1, 2003); Act 
of June 1, 2003, 78th Leg., R.S., ch. 676, § 2(a), 2003 Tex. Gen. 
Laws 2096, 2097 (effective date June, 20, 2003).  A judgment is “subject 
to appeal” when it is capable of being appealed. Columbia Med. Ctr. v. Bush, 
122 S.W.3d 835, 865 (Tex. App.—Fort Worth 2003, pet. filed); see also 
Jennifer Tillison, Subject to Appeal, The Appellate Advocate, Vol. XVI, No. 4, at 
6-12 (Winter 2004).  Here, the final April 25, 2003 judgment was 
“signed” and was “subject to appeal” on the date it was signed, before 
the June 20, 2003 and September 1, 2003 effective dates of the amendments to the 
finance code.  Accordingly, the amendments are not applicable to the 
judgment in this case.  See Bush, 122 S.W.3d at 865-66 (citing 
legislative history of House Bill 4 explaining legislature’s intent that 
finance code amendments operate only prospectively).
        Appellants 
contend that because they did not file their notice of appeal until July 17, 
2003, the judgment was not “subject to appeal” until that date.  We 
cannot agree.  A final judgment is subject to appeal when it is capable of 
being appealed.  Id.  The final judgment here was capable of 
being appealed on April 25, 2003, the date it was signed.  Appellants’ 
decision to file a motion for new trial and to proceed under the extended 
appellate timetable, delaying perfection of their appeal until July 17, 2003, 
does not alter the date that the final judgment in this case was subject to 
appeal: April 25, 2003. We overrule Appellants’ third issue.
V. 
Conclusion
        Having 
overruled Appellants’ issues, we affirm the trial court’s judgment.
  
   
                                                          SUE 
WALKER
                                                          JUSTICE

PANEL 
B:   LIVINGSTON, DAUPHINOT, and WALKER, JJ.

DELIVERED: 
April 15, 2004


 
NOTES
1.  
Appellants’ issues do not challenge the legal or factual sufficiency of the 
evidence to support the jury’s findings that Dr. Tesfa was negligent and that 
Dr. Tesfa’s negligence proximately caused Foster to suffer some injuries or 
the jury’s award of $425,000 for past medical expenses.  Accordingly, we 
forego a general statement of facts and instead recite the facts in conjunction 
with our disposition of Appellants’ issues.
2.  
Specifically, Appellants objected “to question number 3-A on the grounds that 
there is no evidence, or alternatively, there’s legally insufficient evidence 
as would support submission of such issue to the jury in this case.”  
Appellants asserted an identical objection to subsections 3-B, 3-C, and 3-D.
3.  
During oral argument, Appellants contended that proof of disfigurement requires 
evidence that the plaintiff was embarrassed by the deformity.  Because 
Appellants’ brief does not address or present authorities for this argument, 
we do not consider it.  See Tex. R. App. P. 
38.1(h).  But cf. Terry v. Garcia, 800 S.W.2d 854, 858 (Tex. 
App.—San Antonio 1990, writ denied) (holding evidence of disfigurement 
sufficient although “Garcia was not embarrassed by this condition”).
4.  
In special question number 1, the jury determined that the negligence of only 
Dr. Tesfa proximately caused injury to Foster.
5.  
As pointed out by Appellee, Appellants do not challenge the factual sufficiency 
of the evidence to support the jury’s total damage award for pain, mental 
anguish, disfigurement, and physical impairment.