**Opinion issued April 10, 2025**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-22-00247-CV

———————————

**BETTY RATHBUN LIGON, Appellant/Cross-Appellee**

**V.**

**JUDITH D. CASEY, Appellee/Cross-Appellant**

———————————

**On Appeal from the 55th District Court**
**Harris County, Texas**
**Trial Court Case No. 2014-67737**

———————————

## MEMORANDUM OPINION

The parties have jointly filed an agreed motion to dismiss their appeal and cross-appeal according to their settlement agreement.[1] We grant the motion in

---

[1] Since we issued our original opinion, appellant/cross-appellee's counsel has informed us that his client died. We continue to use her name in the caption consistent with the appellate rules. *See* TEX. R. APP. P. 7.1(1) ("If a party to a civil case dies after the trial court renders judgment but before the case has been finally

substance and remand the case to the trial court for entry of settlement in the form requested by the parties.

Remand to the trial court is necessary because the parties' settlement terms require consideration of facts outside the appellate record and include persons who are not parties to the appeal. As a reviewing court, our authority is bound by the appellate record. *See In re Kholaif*, 624 S.W.3d 228, 232 (Tex. App.—Houston [14th Dist. 2020, orig. proceeding) ("The appellate court does not find facts, but rather decides the issues presented to it based on the universe of facts provided to the court in the record."); *Ins. Co. of State of Penn. v. Martinez*, 18 S.W.3d 844, 846–47 (Tex. App.—El Paso 2000, no pet.) ("An appellate court's jurisdiction extends no further than the jurisdiction of the trial court."); *see also Crundwell v. Becker*, 981 S.W.2d 880, 884–85 (Tex. App.—Houston [1st Dist.] 1998, pet. denied) (Texas Constitution gives courts of appeals the authority to "unfind facts" but not to "find" facts) (citing *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 634 (Tex. 1986)). We also lack any authority to affect the rights of persons who are not parties to the appeal. *See* TEX. R. APP. P. 25.1(b); *City of Houston v. State Farm Mut. Auto. Ins. Co.*, No. 14-24-00133-CV, 2025 WL 554191, at *8 (Tex. App.—Houston [14th Dist.] Feb.

---

disposed of on appeal, the appeal may be perfected, and the appellate court will proceed to adjudicate the appeal as if all parties were alive. The appellate court's judgment will have the same force and effect as if rendered when all parties were living. The decedent party's name may be used on all papers.").

20, 2025, no pet. h.); *see also* TEX. R. CIV. P. 151, 152 (explaining trial court procedure for replacing deceased plaintiff or defendant with administrator, executor, or heir of estate).

The settling parties' request that we order funds to be placed in the court registry likewise belongs in the trial court, not here. We are limited to reviewing the propriety of a trial court's orders requiring the placement of funds in its registry. *See, e.g.*, *Zhao v. XO Energy LLC*, 493 S.W.3d 725, 736 (Tex. App.—Houston [1st Dist.] 2016, no pet.).

Because we lack the authority to enter the agreed order requested by the parties, we vacate our July 27, 2023 opinion and judgment, set aside the trial court's judgment without regard to the merits, and remand the case to the trial court for rendition of judgment consistent with the parties' settlement agreement. *See In re Henry*, 388 S.W.3d 719, 726 (Tex. App.—Houston [1st Dist.] 2012, orig. proceeding) (on remand, trial court has mandatory, ministerial duty under appellate mandate to give effect to appellate court's judgment and to conduct any further proceedings necessary to dispose of case consistent with appellate court's opinion); *see also* TEX. R. CIV. P. 11.

The mandate shall immediately issue. All other pending motions are dismissed as moot.


PER CURIAM


Panel consists of Justices Guerra, Caughey, and Morgan.